UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BILAL SMITH,

                      Plaintiff,

                - against -

METROPOLITAN TRANSPORTATION AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY
POLICE DEPARTMENT, POLICE OFFICER
M. GRIGGS and JOHN AND JANE DOES-Police
Officers as yet unidentified,

                      Defendants.
------------------------------------------------------------------------x

Civil Action No.:

NOTICE OF REMOVAL

      Defendants Metropolitan Transportation Authority, Metropolitan Transportation Authority Police Department (together "MTA"), and M. Griggs (collectively "Defendants"), by and through their undersigned counsel, hereby state:

      1. Defendants seek to exercise their right, pursuant to 28 U.S.C. §§ 1441 and 1446, to remove this state court civil action to this Court from the Supreme Court of the State of New York, County of Bronx, in which it is pending under the name and style of <u>Bilal Smith v. Metropolitan Transportation Authority, Metropolitan Transportation Authority Police Department, Police Officer M. Griggs and John and Jane Does-Police Officers as yet unidentified</u>, Index No. 807022/2022E.

      2. The grounds for removal of this action are:

      a. This is a civil action in which the District Courts of the United States have been given original jurisdiction in that it arises under the Constitution and laws of the United States within the meaning of 28 U.S.C. § 1331.

      b. Specifically, as appears from the Complaint (annexed hereto as Exhibit A), plaintiff alleges that on June 15, 2021, he was "assaulted and battered" and then arrested by defendant M. Griggs and other employees (not yet identified) of the MTA. Complt. at ¶ 8. Plaintiff asserts that the actions of the MTA employees violated his constitutional rights and, further, that the MTA, "through policies, practices and customs, directly caused the constitutional violation

suffered by plaintiff." Id. at ¶ 39.  This is distinctly a Monell cause of action created by federal law and made actionable under 42 U.S.C. § 1983, Monell v. New York City Dept. of Social Servs., 436 U.S. 658 (1978), even though plaintiff refrained from identifying it by name. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)("the claim alleged to be federal 'need not be labeled as such to fall within federal jurisdiction'").  There is no counterpart in New York law to Monell liability.  Brown v. State, 89 N.Y.2d 172, 186 (1996) ("New York has no enabling statute similar to those contained in the Federal civil rights statutes permitting damage actions for the deprivation of constitutional rights"); Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 762 (2d Cir. 1986)("Normally, a case 'arises under' federal law, 28 U.S.C. § 1331 (1982), if federal law creates plaintiff's cause of action").

     c. The other claims for relief asserted by plaintiff in the Complaint are so related to the claim within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, and this Court may exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

     d. Therefore, removal of this action to this Court is proper under the provisions of 28 U.S.C. § 1441(a).

     3. Plaintiff served the Summons with Complaint, which is his initial pleading, on May 20, 2022, by hand delivery on the MTA.  The MTA accepted substituted service on the individual defendant on the same date.  This Notice of Removal is thus filed within 30 days of the MTA's receipt of such initial pleading and therefore is timely filed under 28 U.S.C. § 1446(b).

     4. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit A to this notice and incorporated by reference is a copy of the Summons and Complaint, filed on May 9, 2022, in the Supreme Court of the State of New York, County of Bronx, under Index No. 807022/2022E. Attached as Exhibit B to this notice is the Defendants' Answer to the Complaint, filed on June 9, 2022, in the Supreme Court of the State of New York, County of Bronx.  No other process,

pleadings or orders have been filed in this action prior to its removal.

    5.  Venue of this removal is proper under 28 U.S.C. §§ 1441(a) and 1446(a) in the United States District Court for the Southern District of New York, because this is the judicial district and division within which the action is pending.

    6.  All Defendants have consented to removal as evidenced by the signature of counsel below.

    7.  Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve written notice of the filing of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Bronx.

WHEREFORE, this Court should accept jurisdiction of this action and place it on this Court's docket for further proceedings as though it had been originally commenced in this Court.

Dated: New York, New York
         June 16, 2022

                                       Respectfully submitted,

                                       _____/s/_____
                                       Steve S. Efron
                                       Attorney for Defendants
                                       237 West 35th Street - Suite 1502
                                       New York, New York 10001
                                       (212) 867-1067

To: Rubenstein & Rynecki, Esqs.
    Attorneys for Plaintiff
    16 Court Street - Suite 1502
    Brooklyn, New York 11241
    (718) 522-1020