**EXHIBIT A**

80 7022/202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X
BILAL SMITH,

              Plaintiff,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY
POLICE DEPARTMENT, POLICE OFFICER M. GRIGGS
and JOHN AND JANE DOES-Police Officers as yet
unidentified,

              Defendants.
-------------------------------------------------------------X

Index #
Date of filing:

Plaintiff designates Bronx
County as the place of trial

Basis of the venue is the Locus
of Occurrence

**SUMMONS**

Plaintiff resides at
1287 Chisholm Street, Apt 3
Bronx, New York 10459

County of Bronx

**TO THE ABOVE NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

**Defendant's address:**
METROPOLITAN TRANSPORTATION
AUTHORITY
c/o Vclement@MTAHQ.ORG
MTA Headquarters
One Commerce Plaza
99 Washington Avenue
Albany, New York 12231

METROPOLITAN TRANSPORTATION
AUTHORITY POLICE DEPARTMENT
420 Lexington Avenue, 12th Floor
New York, New York 10170

POLICE OFFICER M. GRIGGS
c/o Metropolitan Transportation Authority
Police Department
420 Lexington Avenue, 12th Floor
New York, New York 10170

**Plaintiff's attorneys:**
RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11241
(718)522-1020

Dated: Brooklyn, New York
       May 6, 2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------X            Index No.:
BILAL SMITH,

              Plaintiff,                                                    <u>COMPLAINT</u>

    -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY
POLICE DEPARTMENT, POLICE OFFICER M. GRIGGS
and JOHN AND JANE DOES-Police Officers as yet
unidentified,

             Defendants.
----------------------------------------------------------X

Plaintiff, by his attorneys, RUBENSTEIN & RYNECKI, ESQS., complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT AND BATTERY ON BEHALF OF BILAL SMITH

1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Bronx, City and State of New York.

2. That all times hereinafter mentioned, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, was and still is a municipal corporation, duly organized and existing pursuant to the laws of the State of New York.

3. That the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, maintains a police force known as the METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT.

4. That prior hereto on August 9, 2021, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment or payment thereof, was served and that thereafter METROPOLITAN TRANSPORTATION AUTHORITY, refused or neglected for more than **(30)** days and up to the commencement of this action to make any

adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5. Pursuant to the General Municipal Law, the Statutory 50-H Hearing of the plaintiff was held on December 3, 2021.

6. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, the defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT employed POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, as police officers, agents, servants and/or employees.

7. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, the plaintiff, BILAL SMITH, was lawfully present at or about the Amendola Plaza/Westchester Avenue Bus Stop located on the sidewalk abutting the premises known as the Pelham Bay Professional Center, located at 3685 Brucker Boulevard, in the County of Bronx, City and State of New York.

8. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, while at the aforementioned location, the plaintiff, BILAL SMITH, was approached and was assaulted and battered by the defendants, POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified. The assault and battery consisted of being pushed repeatedly, punched in the face, grabbed, had his hair pulled, thrown on the ground, struck and held with body weight in his back and neck. The plaintiff was arrested and taken into police custody, where he was kept until he was released and then was issued with a summons for a baseless criminal charge.

9. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, plaintiff, BILAL SMITH , was assaulted and battered by defendants, POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified who were acting within the scope of their employment with the defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN

TRANSPORTATION AUTHORITY POLICE DEPARTMENT, at the aforesaid location.

10. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, the aforementioned assault and battery was performed knowingly, intentionally and willfully.

11. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, the defendants, POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, who committed the aforementioned assault and battery upon the plaintiff, BILAL SMITH, were acting within the scope of their employment with the defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT.

12. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, the assault and battery on the plaintiff was without probable cause and was not the result of an appropriate arrest.

13. By reason of said assault and battery the plaintiff was caused to suffer severe and serious injuries in and about diverse parts of the person, and suffered great pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

14. By the reason of the foregoing, the plaintiff, BILAL SMITH, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENT HIRING AND RETENTION ON BEHALF OF BILAL SMITH

15. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "14" inclusive with the same force and effect as if more fully set forth at length herein.

16. That the defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training

of their police officers, agents, servants, and employees and were negligent in the hiring, training and retention of the defendants, POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES- Police Officers as yet unidentified, who assaulted, battered and violated the civil rights of the plaintiff, BILAL SMITH.

17. That the defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, and continued to employ them and allowed them to be in contact with the public at large.

18. By the reason of the foregoing, the plaintiff, BILAL SMITH, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A THIRD CAUSE OF ACTION FOR FALSE ARREST ON BEHALF OF BILAL SMITH

19. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "18" inclusive with the same force and effect as if more fully set forth at length herein.

20. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, defendants. POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, were working within the scope of their employment and authority with the defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, when they arrested and confined the plaintiff, BILAL SMITH.

21. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, the arrest and confinement was without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

22. That as a result of the aforesaid false arrest and confinement, the plaintiff, BILAL SMITH, sustained serious permanent personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress, emotional distress and injuries.

23. By the reason of the foregoing, the plaintiff, BILAL SMITH, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR FALSE IMPRISONMENT ON BEHALF OF BILAL SMITH

24. The plaintiff repeats and realleges each and every allegation set forth above numbered "1 through "23" inclusive with the same force and effect as if more fully set forth at length herein.

25. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, defendants POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, were acting within the scope of their employment when they, without justification and without probable cause, imprisoned the plaintiff, BILAL SMITH.

26. That the defendants, POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, while acting within the scope of their employment, intentionally confined the plaintiff, BILAL SMITH, against his will and said confinement was not privileged.

27. By the reason of the foregoing, the plaintiff, BILAL SMITH, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ON BEHALF OF BILAL SMITH

28. The plaintiff repeats and realleges each and every allegation set forth above

numbered "1" through "27" inclusive with the same force and effect as if more fully set forth at length herein.

29. That the defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, including but not limited to POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, as yet unidentified acted intentionally, recklessly and with utter disregard to the consequences of their actions and caused severe emotional distress to the plaintiff through their actions.

30. Said actions exceeded all reasonable bounds of decency, were outrageous and shocking and resulted in severe emotional distress to the plaintiff, BILAL SMITH.

31. That as a result of said intentional and negligent acts, the plaintiff, BILAL SMITH, become sick, sore, lame and disabled, received severe and serious injuries in and about diverse parts of his person and suffered great physical pain, distress, mental shock, mental anguish and psychological trauma and was otherwise injured.

32. By reason of the foregoing, the plaintiff, BILAL SMITH, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR MALICIOUS PROSECUTION ON BEHALF OF BILAL SMITH

33. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "32" inclusive with the same force and effect as if more fully set forth at length herein.

34. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, defendants POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, within the scope of their employment, without justification, without probable cause, created and submitted an erroneous police report in an effort to cover up the aforesaid and initiate a prosecution in bad faith.

35. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, defendants POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, were acting within the scope of their employment, maliciously prosecuted the plaintiff, BILAL SMITH.

36. That on June 15, 2021, and at all times hereinafter mentioned and upon information and belief, as a result of the aforesaid malicious prosecution, plaintiff sustained serious, permanent, personal injuries along with humiliation, shame, indignity, damage to reputation and credit, legal fees, loss of employment opportunities and suffered emotional and physical distress and injury.

37. By reason of the foregoing, plaintiff, BILAL SMITH, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION ON BEHALF OF BILAL SMITH

38. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "37" inclusive with the same force and effect as if more fully set forth at length herein.

39. The defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, through policies, practices and customs, directly caused the constitutional violation suffered by plaintiff, BILAL SMITH.

40. The defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, through its police department, has had and still has hiring practices that it knows will lead to the hiring of the police officers, including but not limited to POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the

consequences.

41. The defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, through its police department, has *de facto quota* policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

42. The defendant, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, at all relevant times, was, upon information and belief, aware that these individual defendants, including but not limited to JOHN AND JANE DOES-Police Officers as yet unidentified routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

43. The defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, at all relevant times, was aware that these individual defendants, including but not limited to POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers as yet unidentified, are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

44. As a direct and proximate result of this unlawful conduct, the plaintiff, BILAL SMITH, sustained the damages hereinbefore alleged.

### AS AND FOR A EIGHTH CAUSE OF ACTION FOR PUNITIVE DAMAGES ON BEHALF OF BILAL SMITH

45. The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "44" inclusive with the same force and effect as if more fully set forth at length herein.

46. The actions of the defendants herein-above alleged, were malicious, willful and grossly negligent.

47. That the defendants, METROPOLITAN TRANSPORTATION AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, authorized, permitted and ratified the unlawful and negligent acts of their agents, servants and/or employees, including but not limited to defendants POLICE OFFICER M. GRIGGS and JOHN AND JANE DOES-Police Officers, as yet unidentified, herein-above alleged.

48. By the reason of the foregoing, the plaintiff, BILAL SMITH, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**WHEREFORE**, plaintiff, BILAL SMITH, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **First** Cause of Action; plaintiff, BILAL SMITH, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Second** Cause of Action; plaintiff, BILAL SMITH, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Third** Cause of Action; plaintiff, plaintiff, BILAL SMITH, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fourth** Cause of Action; plaintiff, BILAL SMITH, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fifth** Cause of Action; plaintiff, BILAL SMITH, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Sixth** Cause of Action; plaintiff, BILAL SMITH, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Seventh** Cause of Action; plaintiff, BILAL SMITH, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of

all lower Courts on the **Eighth** Cause of Action; together with attorneys' fees, and the costs and disbursements of this action.

DATED: Brooklyn, New York
        May 6, 2022

                                        Yours, etc.,

                                        ROBERT MIJUCA, ESQ.
                                        RUBENSTEIN & RYNECKI, ESQS.
                                        Attorneys for Plaintiff
                                        BILAL SMITH
                                        16 Court Street Suite 1717
                                        Brooklyn, New York 11241
                                        (718) 522-1020
                                        File No.:21RG04-07

## ATTORNEY'S VERIFICATION BY AFFIRMATION

ROBERT MIJUCA, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member at RUBENSTEIN & RYNECKI, ESQS., attorneys of record for the Plaintiff/Plaintiffs, I have read the annexed

### SUMMONS AND COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff/Plaintiffs is because the Plaintiff/Plaintiffs is/are not presently in the County wherein the attorneys for the Plaintiff/Plaintiffs maintain their offices.

Dated: Brooklyn, New York
May 6, 2022

_____
ROBERT MIJUCA, ESQ.