**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------x
BILAL SMITH,

                        Plaintiff,                         Index No. 807022/2022E

        - against -

METROPOLITAN TRANSPORTATION AUTHORITY,      ANSWER
METROPOLITAN TRANSPORTATION AUTHORITY
POLICE DEPARTMENT, POLICE OFFICER
M. GRIGGS and JOHN AND JANE DOES-Police
Officers as yet unidentified,

                        Defendants.
---------------------------------------------------------------------x

      Defendants Metropolitan Transportation Authority, Metropolitan Transportation Authority Police Department and Police Officer M. Griggs, as and for their answer to the complaint, by their attorney, Steve S. Efron, allege as follows:

### ANSWERING PLAINTIFF'S FIRST CAUSE OF ACTION

      1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

      2. Deny that defendant Metropolitan Transportation Authority is a municipal corporation and admit the remaining allegations set forth in paragraph 2.

      3. Admit the allegations set forth in paragraph 3.

      4. Admit that plaintiff served a purported notice of claim and that defendant Metropolitan Transportation Authority has refused to adjust or settle the claim, and deny the remaining allegations set forth in paragraph 4.

      5. Admit that plaintiff was examined under oath on December 3, 2021, pursuant to the Public Authorities Law and deny the remaining allegations set forth in paragraph 5.

      6. Deny the allegations set forth in paragraph 6.

      7. Deny the allegations set forth in paragraph 7.

      8. Deny the allegations set forth in paragraph 8.

9. Deny the allegations set forth in paragraph 9.

10. Deny the allegations set forth in paragraph 10.

11. Deny the allegations set forth in paragraph 11.

12. Deny the allegations set forth in paragraph 12.

13. Deny the allegations set forth in paragraph 13.

14. Deny the allegations set forth in paragraph 14.

### ANSWERING PLAINTIFF'S SECOND CAUSE OF ACTION

15. In response to paragraph 15, defendants repeat and reallege paragraphs 1 through 14 herein as if fully set forth.

16. Deny the allegations set forth in paragraph 16.

17. Deny the allegations set forth in paragraph 17.

18. Deny the allegations set forth in paragraph 18.

### ANSWERING PLAINTIFF'S THIRD CAUSE OF ACTION

19. In response to paragraph 19, defendants repeat and reallege paragraphs 1 through 18 herein as if fully set forth.

20. Deny the allegations set forth in paragraph 20.

21. Deny the allegations set forth in paragraph 21.

22. Deny the allegations set forth in paragraph 22.

23. Deny the allegations set forth in paragraph 23.

### ANSWERING PLAINTIFF'S FOURTH CAUSE OF ACTION

24. In response to paragraph 24, defendants repeat and reallege paragraphs 1 through 23 herein as if fully set forth.

25. Deny the allegations set forth in paragraph 25.

26. Deny the allegations set forth in paragraph 26.

27. Deny the allegations set forth in paragraph 27.

### ANSWERING PLAINTIFF'S FIFTH CAUSE OF ACTION

28. In response to paragraph 28, defendants repeat and reallege paragraphs 1 through 27 herein as if fully set forth.

29. Deny the allegations set forth in paragraph 29.

30. Deny the allegations set forth in paragraph 30.

31. Deny the allegations set forth in paragraph 31.

32. Deny the allegations set forth in paragraph 32.

### ANSWERING PLAINTIFF'S SIXTH CAUSE OF ACTION

33. In response to paragraph 33, defendants repeat and reallege paragraphs 1 through 32 herein as if fully set forth.

34. Deny the allegations set forth in paragraph 34.

35. Deny the allegations set forth in paragraph 35.

36. Deny the allegations set forth in paragraph 36.

37. Deny the allegations set forth in paragraph 37.

### ANSWERING PLAINTIFF'S SEVENTH CAUSE OF ACTION

38. In response to paragraph 38, defendants repeat and reallege paragraphs 1 through 37 herein as if fully set forth.

39. Deny the allegations set forth in paragraph 39.

40. Deny the allegations set forth in paragraph 40.

41. Deny the allegations set forth in paragraph 41.

42. Deny the allegations set forth in paragraph 42.

43. Deny the allegations set forth in paragraph 43.

44. Deny the allegations set forth in paragraph 44.

### ANSWERING PLAINTIFF'S EIGHTH CAUSE OF ACTION

45. In response to paragraph 45, defendants repeat and reallege paragraphs 1 through 44 herein as if fully set forth.

46. Deny the allegations set forth in paragraph 46.

47. Deny the allegations set forth in paragraph 47.

48. Deny the allegations set forth in paragraph 48

49. In response to the WHEREFORE paragraph of the complaint, defendants deny that plaintiff is entitled to any of relief requested therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. The complaint fails in whole or in part to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. Plaintiff has failed to comply with conditions precedent to suit.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. The claims asserted in the complaint are time-barred in whole or in part.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. At no time relevant to the complaint did the answering defendants violate any right, privilege or immunity enjoyed by plaintiff under the United States constitution or the New York State constitution, or under federal or state law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. At no time relevant to the complaint did the answering defendants violate any common law right enjoyed by plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. All conduct of the individual defendant, M. Griggs, towards plaintiff was in conformity with the United States constitution, the New York State constitution, and with all applicable laws, rules and regulations; or was reasonably believed by M. Griggs to be in conformity with all constitutional and statutory requirements such that she is immune from this suit under the doctrine of qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56. The actions of the individual defendant, M. Griggs, towards plaintiff did not violate any clearly established constitutional or statutory rights of which a reasonable public official in her position would have known, thus entitling her to dismissal of the suit as against her under the doctrine of qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

57. Whatever injuries and damages may have been sustained by plaintiff were caused in whole or in part by his culpable conduct, such that the amount of damages recovered, if any, must be reduced in proportion to the culpable conduct attributable to plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. Punitive damages are not available against the Metropolitan Transportation Authority or its police department, nor, in the circumstances of this case, are such damages available against the individual defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

59. Plaintiff is barred from recovering from defendants lost wages, medical expenses and all other economic losses that have been or will be paid to plaintiff from a collateral source, and defendants request that a collateral source hearing be held, if necessary, following a verdict.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

60. Plaintiff has failed to take available and reasonable steps to mitigate his damages, if any.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

61. Defendants Metropolitan Transportation Authority and Metropolitan Transportation Authority Police Department are not proper parties to the suit.

WHEREFORE, defendants demand judgment dismissing the complaint with costs, disbursements and attorney's fees incurred in the defense of the action, and awarding such other

and further relief as the Court deems just and proper.

Dated: New York, New York
June 9, 2022

_____/s/_____
Steve S. Efron
Attorney for Defendants
237 West 35th Street - Suite 1502
New York, New York 10001
(212) 867-1067

## VERIFICATION

Steve S. Efron affirms under the penalties of perjury:

That he is an attorney duly admitted to practice law in the State of New York with offices at 237 West 35th Street, New York, New York; that he has read the foregoing answer and knows the contents thereof; that the same is true to his knowledge except as to matters stated to be alleged upon information and belief and that as to those matters he believes them to be true.

That the reason this verification is made by affirmant instead of the defendants is because affirmant is acquainted with the facts and defendant Metropolitan Transportation Authority ("MTA") is a governmental entity. Affirmant further states that the grounds of his belief as to all matters in the answer not stated to be upon his knowledge are based upon the records of the MTA and information received from officials of the MTA.

Dated: New York, New York
June 9, 2022

_____/s/_____
Steve S. Efron