UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BILAL SMITH,

                       Plaintiff,                      22-cv-5081 (PKC)

      -against-

                                                            ORDER
METROPOLITAN TRANSPORTATION
AUTHORITY, et al..,
                       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the court to raise issues of subject matter jurisdiction sua sponte.

        Defendants have removed this action from state court, invoking subject matter jurisdiction by reason of a federal question. 28 U.S.C. § 1331. The claims asserted are, on their face, state law claims for assault and battery negligent hiring and retention, false arrest, false imprisonment, intentional and negligent infliction of emotional distress, malicious prosecution, "civil rights violation" and punitive damages. No federal statute is invoked

        Defendants purported basis for federal question jurisdiction is that the "claim for "civil rights violation" refers to "policies, practices and customs, [that] directly caused the constitutional violation. . . . (Compl. ¶ 21.) No provision of the state or federal constitution is cited. No reference is made to 42 U.S.C. § 1983. Though plaintiff makes no reference to Monell, defendants assert that there is no counterpart to Monell liability under New York law. The defendants' conclusion is not that this would give rise to a successful motion to dismiss the claim in New York Courts but that this must mean that plaintiff intended to assert a claim against them under section 1983 for Monell liability. Notably, defendants make no concession that the several other claims are actionable as pled under New York law. Nor do they assert that the

2

claim that they consider to be a federal Monell claims state a valid claim for relief under federal law.

Within five (5) days of this Order, counsel for defendants shall serve a copy thereof on counsel for plaintiff and file an affidavit of service on ECF. Within twenty-one (21) days, counsel for plaintiff shall unambiguously state in a submission filed with this Court whether plaintiff is invoking section 1983 or other federal statute in his claim for "civil rights violation" or any other claim in his Complaint. Defendants may respond fourteen (14) days thereafter.

SO ORDERED.

P. Kevin Castel
United States District Judge

New York, New York
June 27, 2022